David J. McGlothlin, Esq. (SBN: 253265)
David@southwestlitigation.com
**Hyde & Swigart**
One East Camelback Road, Suite 300
Phoenix, AZ 85012
Telephone: (602) 265-3332
Facsimile: (602) 230-4482

Attorneys for the Plaintiff
Ryan Ramsey

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Ryan Ramsey | Case Number: |
| --- | --- |
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Law Office of Curtis O Barnes, PC | |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Ryan Ramsey, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Law Office of Curtis O Barnes, PC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA")

7. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

9. Plaintiff is a natural person who resides in the City of Queen Creek, County of Pinal, State of Arizona.

10. Defendant is located in the City of Anaheim, the County of Orange, and the State of California.

11. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

HYDE & SWIGART
Phoenix, Arizona

12. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

13. At all times relevant to this matter, Plaintiff was an individual residing within the State of Arizona.

14. At all times relevant, Defendant conducted business within the State of Arizona.

15. Sometime before May 26, 2009, Plaintiff is alleged to have incurred certain financial obligations.

16. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

17. Sometime thereafter, but before May 26, 2009, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

18. Subsequently, but before May 26, 2009, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

19. On or about May 26, 2009, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

20. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

21. Within five days after the initial communication, Defendant failed to send the required notices under 15 U.S.C. § 1692g et seq.

22. On or about June 3, 2009, Plaintiff telephoned Defendant to inquire about the alleged debt.

23. During this conversation, Defendant's agent, a woman, threatened to garnish Plaintiff's wages. She also threatened to "contact [Plaintiff's] employer without notice to deliver paperwork to allow deductions to pay on the debt owed."

24. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

25. These statements represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

26. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

27. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

28. Due to Defendant's threats, Plaintiff became very concerned and wanted to pay the alleged debt to stop Defendant from following through with their threats. However, Defendant demanded an amount that Plaintiff could not pay.

29. Plaintiff then tried to explain his financial situation to Defendant, but Defendant's agent, cut him off, and yelled over him, "So you're refusing to settle! That's fine! We'll collect our money and take it out of your paycheck!" She then hung up on Plaintiff.

30. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

31. These statements represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

32. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

33. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

34. On or about June 5, 2009, Plaintiff received another call from Defendant at his place of employment.

35. At the beginning of this conversation, Plaintiff requested to call Defendant back using a different telephone line.

36. During this conversation with Defendant, Plaintiff advised Defendant that Plaintiff's employer prohibited Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiff's place of employment was inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1).

37. Defendant's response to Plaintiff was "What is the number to the Human Resources department." When Plaintiff did not immediately give it to her, she responded, "I have other ways in getting the number if you are not going to give it." Defendant then hung up on Plaintiff.

38. Immediately after abruptly terminating the call with Plaintiff, Defendant again called Plaintiff's place of employment.

39. Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

40. Defendant then left a message with Plaintiff's supervisor, a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

41. On or about June 5, 2009, Plaintiff called back Defendant and again requested that Defendant stop calling his place of employment and to stop making threats to him regarding the alleged debt.

42. On or about June 8, 2009, Plaintiff's supervisor called him into his office to discuss the message left by Defendant. Plaintiff's supervisor was concerned why a law office was attempting to talk to him.

43. In order to protect Plaintiff's credibility, Plaintiff was forced to disclose details from his personal private life. Plaintiff was greatly embarrassed and humiliated by this.

44. On or about June 9, 2009, Defendant's agent, Ms. Byars, again called Plaintiff. Defendant again began making threats of garnishing Plaintiff's wages.

45. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

46. These statements represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

47. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

48. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

49. During this same conversation, Plaintiff again requested Defendant stop calling his place of employment.

50. In response to Plaintiff's request, Defendant stated she "can call anytime [she] wants and [she] will just say [they] are verifying employment.

51. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

52. These statements represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

53. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

54. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

HYDE & SWIGART
Phoenix, Arizona

55. During this conversation, Plaintiff then told Defendant that he and his wife were contemplating bankruptcy due to this alleged debt, other, and in an attempt to save their home.

56. Defendant then responded, "Even if you file bankruptcy you will still be responsible for the amount owed" She went on to say, "most companies are months behind with filing paperwork and it could be 3 months before they get to it because of all the filings.  Trust me, I see this everyday, and your paperwork will just sit on top of others. Our attorneys are not that backed up and if we know you are trying to file BK, we will rush the judgment through, and by the time your case worker gets to your file our judgment will already be completed."

57. These statements were a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

58. These statements represented the threat to take action that Defendant could not legally take or that Defendant did not intend to take, and violated 15 U.S.C. § 1692e(5).

59. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendant violated 15 U.S.C. § 1692f.

60. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

61. Due to Defendant's actions, Plaintiff suffered a great deal of emotional distress and mental anguish including but not limited to the following symptoms: embarrassment, humiliation, stress, anxiety, restlessness, and irritability, which all impacted his job.

//

# CAUSES OF ACTION

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

62. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

63. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

64. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

65. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

66. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

67. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//

//

//

### TRIAL BY JURY

68. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: June 18, 2009

**Hyde & Swigart**

By: /s/David J. McGlothlin
David J. McGlothlin
Attorneys for the Plaintiff